York City, for appellant. W. E. C. Mayer, of New York City, for the People. No opinion. Judgment affirmed. Order filed.

PEOPLE, Respondent, v. GOLDSTEIN, Appellant. (Supreme Court, Appellate Division, Second Department. December 11, 1914.) Proceeding by the People of the State of New York against Alexander Goldstein. No opinion. Judgment of conviction of the County Court of Kings County affirmed by default.

PEOPLE, Respondent, v. HENDRIX, Appellant. (Supreme Court, Appellate Division, Second Department. November 13, 1914.) Proceeding by the People of the State of New York against Stafford Hendrix. No opinion. Motion granted. See, also, 149 N. Y. Supp. 1102.

PEOPLE, Respondent, v. J. ALBERT & SON, Appellant. (Supreme Court, Appellate Division, Second Department. November 13, 1914.) Proceeding by the People of the State of New York against J. Albert & Son.

PER CURIAM. Reargument ordered upon the sole inquiry whether the matter is criminally liable under the statute for the act of the servant in locking the door in the master's absence, without evidence of general or specific instruction on his part that it should be done. Case set down for Wednesday, December 16, 1914.

PEOPLE v. KEITEL. (Supreme Court, Appellate Division, First Department. November 27, 1914.) Proceeding by the People of the State of New York against Adolph Keitel. No opinion. Motion to dismiss appeal granted. Order filed.

PEOPLE, Respondent, v. LUCIE et al., Appellants. (Supreme Court, Appellate Division, First Department. December 4, 1914.) Proceeding by the People of the State of New York against Joseph Lucie and another. E. Neumann, of New York City, for appellants. L. Fabricant, of New York City, for the People.

PER CURIAM. Judgment affirmed. Order filed.

DOWLING, J., dissents.

PEOPLE v. LYNCH. (Supreme Court, Appellate Division, First Department. November 27, 1914.) Proceeding by the People of the State of New York against Daniel Lynch. No opinion. This motion must be reserved. See, also, 150 N. Y. Supp. 1102.

PEOPLE v. LYNCH. (Supreme Court, Appellate Division, First Department. December 11, 1914.) Proceeding by the People of the State of New York against Daniel Lynch. No opinion. Motion granted. Order filed. See, also, 150 N. Y. Supp. 1102.

PEOPLE, Respondent, v. MENDEL, Appellant. (Supreme Court, Appellate Division, First Department. November 27, 1914.) Proceeding by the People of the State of New York against Edward Mendel. L. Spiegel, of New York City, for appellant. R. C. Taylor, of New York City, for respondent. No opinion. Judgment and order affirmed. Order filed.

PEOPLE v. MONATON REALTY INVESTING CORPORATION. (Supreme Court, Appellate Division, First Department. November 27, 1914.) Proceeding by the People of the State of New York against Monaton Realty Investing Corporation. No opinion. Motion to dismiss appeal granted, with $10 costs. Order filed.

PEOPLE, Respondent, v. PAPP, Appellant. (No. 6624.) (Supreme Court, Appellate Division, First Department. December 31, 1914.) Appeal from Court of General Sessions, New York County. Paulina Papp was convicted of an attempt to commit an abortion, and she appeals. Affirmed. Samuel I. Hartman, of New York City, for appellant. George Z. Medalie, of New York City, for the People.

PER CURIAM. Judgment affirmed.

McLAUGHLIN, J. (dissenting). I am unable to concur with the other members of the court that the judgment of conviction should be affirmed; on the contrary, I think it should be reversed and the defendant discharged. When subdivision 2 of section 80 of the Penal Law (Consol. Laws, c. 40) is read in connection with subdivision 1 of the same section and prior statutes bearing on the same subject, I am of the opinion that one cannot be convicted under subdivision 2 of section 80 of the Penal Law of an attempt to commit an abortion without proving that the person upon whom the attempt was made was at the time pregnant. People v. Jaffe, 185 N. Y. 497, 78 N. E. 169, 9 L. R. A. (N. S.) 263, 7 Ann. Cas. 348; People v. Teal, 196 N. Y 372, 89 N. E. 1086, 25 L. R. A. (N. S.) 120, 17 Ann. Cas. 1175. As was said by Bartlett, J., in the Jaffe Case: "If all * * * an accused person intends to do would, if done, constitute no crime, it cannot be a crime to attempt to do, with the same purpose, a part of the thing intended." So, in the case at bar, had the defendant succeeded in doing all that she intended to do, she would not have committed the crime of abortion because the person upon whom she attempted to operate was not at the time pregnant. Her attempt, therefore, to operate, did not, I think, make her guilty of an attempt to commit an abortion.

PEOPLE, Respondent, v. PATERNOSTRO, Appellant. (Supreme Court, Appellate Division, First Department. December 18, 1914.) Proceeding by the People of the State of New York against James Paternostro. C. Novello, of New York City, for appellant. L. Fabricant, of New York City, for respondent. No opinion. Judgment affirmed. Order filed.

PEOPLE, Respondent, v. SWIFT & CO., Appellant. (Supreme Court, Appellate Division, First Department. November 27, 1914.) Pro-